IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRODERICK PATTERSON, #351-485,   *
      Plaintiff,
   v.                                                        *    CIVIL ACTION NO. DKC-11-2487

J. ROLLEY, et al.,                                 *
      Defendants.
                                         ***

## **MEMORANDUM OPINION**

Pending are Defendants Warden Kathleen Green, Julia Rolley, and Dayton Rexrode's Motion to Dismiss or for Summary Judgment (ECF No. 17), Defendants Warden Kathleen Green, Julia Rolley, Liam Kennedy, Dayton Rexrode, and La-Tricia Taylor's Motion to Dismiss or for Summary Judgment (ECF No. 25), and Plaintiff's response thereto.[1] ECF Nos. 19, 28 & 29. Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

### **Background**

Plaintiff alleges that in October of 2010, he was falsely accused of inciting a riot and taken to the disciplinary segregation unit to await a hearing. Plaintiff states that at the time of the incident he was preparing to file a petition for writ of certiorari which was due on November 20, 2010.[2] Plaintiff states that he wrote letters to Defendants Rexrode and Kennedy asking for assistance in permitting him access to the law library but received no reply. Plaintiff further states that on October 17, 24, 31, and November 7 and 14, 2010, he submitted library request forms regarding case information but

---

[1] Plaintiff sets out new allegations in his responses regarding conditions of confinement on segregation, lack of medical care, denial of access to the library at MCI-H, claims of retaliation, and confiscation of legal materials from inside his cell. ECF Nos. 19. These claims are not properly before the court. If Plaintiff believes his constitutional rights have been violated as to any of these claims, he is free to file a new civil rights complaint.

[2] Attached to the Complaint is a copy of correspondence to Plaintiff dated September 14, 2010, from his appellate counsel advising him that the Maryland Court of Appeals declined to review his case. The letter advised Plaintiff that while the attorney did not believe it likely the United States Supreme Court would grant review in his case, if he wished to file a petition on his own he must do so on or before November 20, 2010. ECF No. 1, Ex. P. 20.

received no response. He wrote again to Rexrode and Kennedy on November 8, 2010, seeking access to the law library, but again received no reply. Plaintiff further alleges that "most of [his] outgoing mail rarely made it to its destination and most of [his] incoming legal mail was given to [him] already opened." ECF No. 1. Plaintiff states that he will "never know whether the court would have granted him relief…." *Id*.

## Standard of Review

Under revised Fed. R. Civ. P. 56(a):

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the

burden of proof.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).  The mere existence of a "scintilla"of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment.  *See Anderson*, 477 U.S. at 252.

This court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted).  Indeed, the court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial.  *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987)).

**Discussion**

A.   Disciplinary Proceeding

In prison disciplinary proceedings which bring the possible loss of good conduct credits, a prisoner is entitled to certain due process protections.  *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974).  These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision.  *Wolff*, 418 U. S. at 564-571.  Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985).

On October 12, 2010, Defendant Rolley heard Plaintiff speaking to a small group of inmates.[3] ECF No. 17 & 25, Ex. 1. Rolley reported hearing Plaintiff state "We all need to stand together and go up against the police and the system. You all know that the rules we have to follow ain't right. We need to start standing together on shit and stop listening to what these officers say. If we stand together it ain't a damn thing they can do about it and shit will change around here." *Id*. As a result of these statements, Plaintiff was charged with numerous inmate rule violations and found guilty of violating rules 100 and 307.[4] *Id*., Ex. 10. He was sanctioned with 200 days of segregation and 120 good conduct credits revoked. Plaintiff was permitted to call James Richardson as a witness. The hearing officer denied Plaintiff's request to call Darnell Jenkins and Michael Morzo as witnesses, concluding that their testimony would be cumulative. *Id*.

Plaintiff received all the process he was due. He was given timely advance written notice of the infraction and was permitted to attend the disciplinary hearing and to call a witness on his own behalf. He also received written findings of the hearing officer. Moreover, the hearing officer's determination of guilt was based upon some evidence, i.e. review of Plaintiff's testimony, staff testimony, and the written record, upon which the hearing officer based determinations as to credibility and demeanor.

Plaintiff's contention that he was denied certain witnesses does not state a due process violation. "[T]here is no right to call witnesses whose testimony would be irrelevant, repetitive, or

---

[3] Plaintiff argues for the first time in his opposition that the disciplinary infraction was in retaliation for Plaintiff's having written a grievance against Rolley. ECF No. 19. Such a claim raised for the first time in his opposition to the dispositive motion is not properly before the court. Moreover, Plaintiff is advised that "[a]'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim). "In the prison context, we treat [claims of retaliation] with skepticism because 'every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." *Cochran v. Morris,* 73 F.3de 1310, 1317 (4th Cir. 1996).

[4] The hearing officer's written findings contain a typographical error in that it states Plaintiff is not guilty of violating Rules 100 and 307; however, the next sentence indicates otherwise. Further, Section III of the record sets forth the intended findings and sanctions.

4

unnecessary." *Piggie v. Cotton*, 344 F. 3d 674, 677 (7th Cir. 2003). The hearing office noted that the witnesses denied would provide testimony that was cumulative in nature. Plaintiff has offered no information to contradict this finding.

To the extent Plaintiff contends that his placement on disciplinary segregation violates his rights, his claim likewise fails. In general, prisoners do not have a constitutional right to demand to be housed in one prison setting versus another. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Under the Supreme Court's pronouncement in *Sandin v. Conner*, 515 U.S. 472 (1995), the focus on mandatory language in prison regulations was rejected. A liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without regard to mandatory language in prison regulations. *Id.* at 484. Thus, the due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations. *Id.* As a prisoner, Plaintiff is not entitled to the process due to persons who remain at liberty. "Prisoners held in lawful confinement have their liberty curtailed by definition, so the procedural protections to which they are entitled are more limited than in cases where the right at stake is the right to be free from confinement at all." *Wilkinson v. Austin*, 545 U.S. 209, 225 (2005). He is not entitled to an adversarial hearing, witnesses, evidence introduction, or other trappings of a full trial prior to placement on disciplinary segregation. The undersigned finds that the process afforded to Plaintiff in his adjustment proceeding met with minimal constitutional standards and that Plaintiff's placement on disciplinary segregation passes constitutional muster.

B.  Access to Courts

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), quoting *Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.

As a result of Plaintiff's filing a Request for Administrative Procedure on November 23, 2010, alleging he had been denied access to the law library, Defendant Rexrode was assigned to investigate Plaintiff's claim. ECF No. 17 & 25, Ex. 3-5. Rexrode noted that Plaintiff refused to be interviewed.[5] *Id.*, Ex. 5. His initial investigation concluded that Plaintiff was housed on segregation at the time in issue and segregation inmates are not permitted physical access to the law library, but rather must request information in writing. Rexrode concluded that no written requests from Plaintiff were received. *Id.* Due to an error on the Warden's part in timely and substantively addressing

---

[5] Plaintiff disputes that he was ever approached to be interviewed. ECF No. 19.

Plaintiff's ARP, the matter was returned by the Commissioner for re-investigation. *Id.*, Ex. 3 & 4. Rexrode was again assigned to investigate Plaintiff's claim. Following the second investigation, Rexrode again concluded that Plaintiff was on segregation during the time at issue, no information request had been made by Plaintiff, no full time librarian was present on the dates in question, and Plaintiff again refused to be interviewed. *Id.*, Ex. 6 & 7.

Defendants contend that since they have no record of Plaintiff seeking library assistance, his claim of denial of access to the courts must be dismissed.[6] ECF Nos. 17 & 25. Plaintiff avers he submitted numerous requests for library assistance to the tier officers in compliance with the rules for disciplinary inmates. ECF No. 19, Ex. 6. Defendants have offered no argument as to whether Plaintiff has satisfied the "actual injury" component of an access to courts claim. ECF Nos. 17 & 25. On the record before the court, which includes a genuine dispute of material fact as to Plaintiff's request for access to the law library, summary judgment is unavailable.

Defendants maintain that they are entitled to qualified immunity, but they offer no particularized argument. Surely the right of access to courts was clearly established at a general level. The determination of whether Defendants are entitled to qualified immunity may more appropriately be addressed after the facts of the case have been developed and a determination has been made as to whether Plaintiff has suffered a violation of his constitutional rights. Accordingly, dismissal of Plaintiff's complaint based on qualified immunity is not proper at this time.

---

[6] In support of this position, Defendants rely on the investigation of Plaintiff's ARP undertaken by Rexrode. The investigation summary is not verified. It does not indicate what records were reviewed in determining no written requests were received. There is no information regarding procedures for logging library requests, to the extent any procedures exist. *Id.* Further, no affidavits support Defendants' contention.

C.     Mail

Plaintiff filed one ARP regarding mail. Plaintiff alleged that while on disciplinary segregation on November 19, 2010, he received legal mail that had been previously opened outside of his presence in violation of institutional practices. The ARP Investigation revealed that Plaintiff's mail was opened in Plaintiff's presence and he had no complaints about how his mail was handled at that time. *Id.*, Ex. 9. The ARP was dismissed. ECF No. 17, Exs. 8 & 9. Plaintiff's claim that on occasion his legal mail was opened outside his presence fails. *See Gardner v, Howard*, 109 F.3d 427, 431 (8th Cir. 1997) ("isolated, inadvertent instance of prison personnel opening incoming mail marked confidential "without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation" quoting *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990).

## Conclusion

For the aforementioned reasons, Defendant's Motion, construed as a motion for summary judgment, shall be granted. A separate Order follows.


Date:   June 25, 2012                             /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge