IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRODERICK PATTERSON, #351-485,      *
             Plaintiff,

                      *

      v.                       CIVIL ACTION NO. DKC-11-2487

                      *

LIAM KENNEDY, et al.,
             Defendants.     *
                      ***

## MEMORANDUM OPINION

Pending is the motion of Defendants Daniel Barnes, Kathleen Green, Liam Kennedy, Jeffrey Kestler, and Dayton Rexrode to Dismiss or for Summary Judgment (ECF No. 51) and Plaintiff's response thereto.[1] ECF No. 63. Upon review of the papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

### Background

On June 26, 2008, Plaintiff was convicted in the Circuit Court for Baltimore County of one count of identity theft, one count of theft of property having a value over $500, and one count of conspiracy to commit theft of property having a value over $500. He was sentenced to a total term of ten years of incarceration. ECF No. 38. Plaintiff noted a timely appeal, arguing that the State's evidence was insufficient to satisfy the Maryland rule that no conviction may rest on the testimony of an accomplice without independent corroboration, and the trial court improperly commented to the jury that the trial would be "short." The Court of Special Appeals found no

---

[1] On June 25, 2012, the court entered a Memorandum Opinion and Order denying Defendants' Motion for Summary Judgment as to Plaintiff's claim of denial of access to courts. The Motion was granted in all other respects and counsel was appointed for Plaintiff. ECF Nos. 31 & 32. Subsequently, counsel filed an Amended Complaint regarding Plaintiff's access to courts claim naming as Defendants Daniel Barnes, Kathleen Green, Liam Kennedy, Jeffrey Kestler, Dayton Rexrode, and Christopher McReedy. ECF No. 38. On January 3, 2013, the court entered a Notice concerning the death of Defendant Christopher McReedy. ECF No. 43. No proper substitution for McReedy having been received by the court, he was dismissed as a party on April 26, 2013. ECF No. 67. After filing the amended complaint, counsel moved to withdraw. The motion was granted and Petitioner has been proceeding pro se.

reversible error. Petitioner's counseled Petition for Writ of Certiorari to the Maryland Court of Appeals was denied on August 23, 2010. *Id.*

On September 14, 2010, Plaintiff received correspondence from his appellate attorney advising him that "there is no reasonable likelihood that the Supreme Court of the United States would grant review in your case, and therefore, we will not file a petition for writ of certiorari to that court in your case." Counsel further advised that any petition for writ of certiorari to the United States Supreme Court must be filed on or before November 20, 2010. ECF No. 1.

On October 13, 2010, Plaintiff was placed in the segregation unit at the Eastern Correctional Institution for rule violations. ECF No. 38. Segregation inmates are not permitted physical access to the law library; rather, the inmate handbook provides that "Segregation inmates have library services brought to them on a regular basis." *Id.*

Plaintiff claims that on October 14, 2010 and November 8, 2010, he wrote letters to Defendants Rexrode and Kennedy asking for access to unspecified legal materials. Plaintiff further claims that on October 17, 24, 31, and November 7 & 14, 2010, he submitted Education Library Request Forms seeking unspecified materials to assist in his preparation of a Petition for Writ of Certiorari to the Supreme Court. On November 7, 2010, he spoke with Defendant Barnes regarding his efforts to obtain legal materials. On November 17, 2010, he submitted an administrative remedy request ("ARP) concerning the denial of access to library materials. Plaintiff claims that he did not receive any response to his numerous requests for materials. *Id.*

As a result of Plaintiff's filing a Request for Administrative Procedure, Defendant Rexrode was assigned to investigate Plaintiff's claim. ECF No. 51, Ex. 1. His initial investigation concluded that Plaintiff was housed on segregation at the time in issue and segregation inmates are not permitted physical access to the law library, but rather must request

2

information in writing.  Rexrode concluded that no written requests from Plaintiff were received. He also noted Plaintiff refused to be interviewed as part of the investigation.[2]  *Id*.  Due to an error on the Warden's part in timely and substantively addressing Plaintiff's ARP, the matter was returned by the Commissioner for re-investigation.  *Id*. Rexrode was again assigned to investigate Plaintiff's claim.  Following the second investigation, Rexrode again concluded that Plaintiff was on segregation during the time at issue, no information request had been made by Plaintiff, no full time librarian was present on the dates in question, and Plaintiff again refused to be interviewed. *Id*.

Defendants Rexrode, Kennedy, and Kestler aver that they never received letters/requests from Plaintiff seeking legal materials.  *Id*., Ex. 2 & 3.  Additionally, Kennedy was not working at ECI during the time Plaintiff states he sent him letters.  *Id*., Ex. 2.  Defendant Barnes avers that during the time  Plaintiff allegedly spoke with him regarding the legal materials, he was in charge of the Gang Intelligence Unit at ECI and was not responsible for receiving or otherwise addressing inmate complaints concerning access to the library.  *Id*., Ex. 5.

As relief, Plaintiff seeks a declaratory judgment "regarding the unlawful and unconstitutional acts and practices of Defendants," compensatory and punitive damages, and equitable relief  "ensuring that the effects of the unconstitutional and unlawful employment practices are eliminated and do not continue to affect Plaintiff's or others' access to the Courts and adequate legal materials."  ECF No. 38.

**Standard of Review**

A.    Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the

---

[2] Plaintiff disputes that he was ever approached to be interviewed.  ECF No. 19 & 63.

sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.      Motion for Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The

court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Discussion**

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477(1990) (citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287(2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242, (1937). *See also Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). Section 1983 actions seeking injunctive and/or declaratory relief have been declared moot when the practices, procedures, or regulations challenged were no longer in use. *See, e. g., Tawwab v. Metz*, 554 F.2d 22 (2d Cir. 1977); *Bradley v. Judges of Superior Court*, 531 F.2d 413 (9th Cir. 1976); *Shimabuku v. Britton*, 503 F.2d 38 (10th Cir. 1974); *Locke v. Board of Public Instruction*, 499 F.2d 359 (5th Cir. 1974); *Wilkinson v. Skinner*, 462 F.2d 670 (2d Cir. 1972*); Uzzell v. Friday*, 401 F.Supp. 775 (M.D.N.C.1975), aff'd in pertinent part, 547 F.2d 801 (4th Cir. 1977); *Rappaport v. Little League Baseball, Inc.*, 65 F.R.D. 545 (D.Del.1975).

To the extent Plaintiff seeks declaratory and injunctive relief, his claim has been rendered moot by his transfer to another correctional facility. The events complained of occurred while Plaintiff was housed at the Eastern Correctional Institution. Subsequently Plaintiff was transferred to the Western Correctional Institution and then to the Roxbury Correctional Institution where he remains incarcerated. Since the present action seeks monetary relief, however, the case cannot be dismissed simply because the request for declaratory and equitable relief has been denied.

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), quoting *Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id*. at 352-352.

In *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), the Court characterized access-to-the courts claims as being in one of two categories. *Id* at 413. The first, termed "forward looking claims," are cases where official action frustrates a plaintiff's ability to bring a suit at the present time. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1208-09 (10th Cir. 2004). The second class, termed "backward looking claims," arise when a Plaintiff alleges that a specific claim "cannot be tried (or tried with all the evidence) [because past official action] caused the loss or inadequate settlement of a meritorious case." *Id*. at 1209. In this way, the official action is said to have " 'rendered hollow [the plaintiff's] right to seek redress' " in the courts. *Id*. (quoting *Christopher*, 536 U.S. at 415 (brackets in original) (internal citations omitted)).

Whether the claim is forward or backward looking, a prisoner claiming he was denied access to the courts must ultimately prove he suffered an actual injury by showing that the defendant's acts hindered his ability to pursue a nonfrivolous legal claim. Conclusory allegations are not sufficient in this regard. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006)(denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal). The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

Plaintiff has failed to demonstrate any actual injury. He has failed to allege that a lack of access to unspecified materials hindered his ability to pursue a "nonfrivolous" claim. In addition, Plaintiff has failed to allege that he had a meritorious petition. Plaintiff must establish that his underlying claim was "nonfrivolous" or "arguable." *Christopher v. Harbury*, 536 U.S. at 415. "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show the 'arguable' nature of the underlying claim is more than hope." *Id*. at 416 (footnote

8

omitted). A prisoner's right to access the courts does not include the right to present frivolous claims. *Lewis v. Casey*, 518 U.S. at 353 & n. 3. It is not enough that a prisoner is prevented from challenging his conviction. He must also show that his claim had merit. Plaintiff's challenges to his state court convictions, based on state law claims, had been rejected by the state appellate courts. There is no indication in the record that the Supreme Court would have granted certiorari. To the contrary, appellate counsel specifically advised Plaintiff that his claim was not worth pursuing. More than a conclusory allegation, as offered here, is required to show actual injury.

Further, Plaintiff had access to the prison library for 30 days, during which time it appears he was able to perform legal research and begin drafting his petition.[3] Nonetheless, he contends that being denied access for approximately forty-five days leading up to the submission of his petition constitutes a violation of his right of access to the court. Difficult as this situation must have been for Plaintiff, he has failed to show that he was actually unable to submit a petition by November 20, 2010. Nor does it appear that Plaintiff made an attempt to get an extension of time to file his petition prior to the filing deadline, which is required by Supreme Court rules. S.Ct. R. 30.2. If he had done so, Plaintiff may have been able to submit his petition to the Supreme Court for review. Plaintiff cannot show that failure to provide access to legal materials prevented him from applying for an extension and actually denied him access to the courts. *Cf. Vandelft v. Moses*, 31 F.3d 794, 798 (9th Cir. 1994) (finding no actual injury where inmate did not request an extension of time to file his reply).

His claim-- that the only reason he missed a deadline to file a petition for writ of certiorari to the U.S. Supreme Court for his underlying criminal conviction was his inability to access unspecified legal materials to support a speculative legal claim for a portion of the period of time

---

[3] In his original Complaint, Plaintiff indicates that at the time he was moved to disciplinary segregation he "was in the process of filing" the petition. ECF No. 1.

he had to prepare the petition-- is simply unavailing.  Plaintiff's claim of "actual injury" is vague

and conclusory and cannot withstand summary judgment.

## Conclusion

For the aforementioned reasons, Defendants' Motion, construed as a motion for summary

judgment, shall be granted.   A separate Order follows.


Date:   April 30, 2013                                    /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge